William Flaccus Oak Leather Co., Appellant, *v.*
The Ocean Accident and Guarantee Company,
Ltd., Appellant.

Argued September 27, 1944. Before MAXEY, C. J.,
DREW, LINN, PATTERSON and STEARNE, JJ.

reargument refused January 2, 1945.

*W. W. Stoner,* with him *J. M. Stoner & Sons,* for plaintiff.

*William J. Kenney,* with him *W. Denning Stewart* and *Stewart & Lewis,* for defendant.

OPINION BY MR. JUSTICE LINN, November 27, 1944:
In this action on a credit insurance policy, jury trial was waived and judgment for $2,600.01 was entered for the plaintiff. Both parties have appealed, the plaintiff claiming a larger sum. Two insured accounts are in-

volved, one referred to as the Leather account and the other as the Boyt account.[1] The insurance was $25,000 on each account. The term was from January 17, 1930, to January 16, 1931. In the Leather account (a conventional insolvency resulting from appointment of a creditors' committee)[2] the dispute about the amount payable grows out of the fact that while the policy was applied for on May 17, 1930, its coverage was in part retroactive, involving credit allowed between January 17, 1930, and May 17, 1930. The insurance premium was paid May 17, 1930. The policy provided, as a condition of antedating coverage, that ". . . only such sales, shipments and deliveries made prior to the payment of the premium for this policy shall be covered thereby as were made to debtors who were in sound financial condition at the time of the payment of said premium . . ." The purpose was to cover sales made in January, February and March, 1930. The learned judge found that Leather was in a sound financial condition when the premium was paid as required by the quoted condition; the defendant offered no evidence on the point in the trial now under review but challenges the finding as unsupported. The finding has the approval of the court in banc. Nothing has been called to our attention which would justify a reversal of that finding. On this account plaintiff received from the creditors' committee 86½% of its claim and plaintiff's only complaint is that it was charged collection fees. We must sustain this contention; they were not claimed by defendant in any of the three trials; the parties were competent to deal with the subject notwithstanding the policy provision and apparently did

[1] The debtors were General Leather Industries, Inc., of Kansas City, Missouri, and The Boyt Company of Des Moines, Iowa.

[2] Section 3 of the policy provided: "Insolvency Defined—The Insolvency of a debtor for the purposes of this Policy shall be deemed to have occurred when, during the term of this policy . . . (14) A debtor's business is assigned to or taken over by a committee appointed by a majority in number and amount of his creditors . . ."

so. Defendant's assignments of error at Number 158, complaining of the recovery on the Leather account, are overruled.

In Number 157, plaintiff also complains of inadequate award on the Boyt account. January 12, 1931, four days before the expiration of the term specified in the policy, plaintiff sent to the defendant, on a blank prepared by defendant, a Notice of Insolvency. Opposite the heading "Date of Insolvency", appear the words "Ac/ct Past Due"; opposite "Nature of Insolvency" appear the words "Unable to collect". The claim was itemized as follows:

"1930

| | | |
|---|---|---|
| Jan. Feby. Mar. | shipment as per enclosed duplicate statements .......... | $ 8,787.96 |
| | Interest ................... | 267.97 |
| | | $9,055.93 |
| July 25 | | 9,142.22 |
| Oct. 23 | | 48.00 |
| | | $18,246.15 |
| | Contra Ac/ct | |
| Mar. 7 | . | 888.36 |
| Sept. 2 | | 549.72 |
| | | 1,438.08 |
| | Less Credit ....... | 8.40 |
| | | 1,429.68 |

$18,246.15
1,429.68

$16,816.47   Net"

That notice of insolvency was sent with a letter of the same date, stating that the January, February and

March, 1930, shipments with interest were ". . . covered by a trade acceptance which was payable on January 1st, but which was not met due to the conditions enumerated above." The July and October sales, specified in the account, were then not yet "70 days past due under the original terms of sale", but the January, February and March accounts were more than 70 days past due. Defendant had been notified of the trade acceptance when received by the plaintiff.

Beginning February 7, 1931, and ending April 18, 1931, the Boyt Company paid to the plaintiff the sum of $9,000, directing the plaintiff to credit the payments on the trade acceptance. In this suit plaintiff claimed, as the net loss insured on the Boyt account, the difference between the unpaid account and the payments made or credits allowed on account, reduced as required by the policy for co-insurance and normal loss deductions. The learned judge held that the accounts due for the shipments of January, February and March were not covered and pro-rated the payments received on account, by applying a provision of the policy: "If the indebtedness of the debtor to the Insured at the time of the Insolvency is not covered in full by this Policy, then said deductions ['all amounts collected thereon' etc.] shall be made pro rata, viz.: in the ratio which the amount covered bears to the whole of such indebtedness . . ."

As we understand the policy, resolving doubtful or ambiguous phraseology against defendant, this was an erroneous interpretation of the contract.

It is conceded that the amount of the Boyt account was within the amount of insurance specified. Generally speaking the parties understood that a debtor would become insolvent when unable to meet his obligations in the usual course of business: *Blank v. London Guarantee, etc.*, 98 Pa. Superior Ct. 144; *Strouse v. American Credit Indemnity Co.*, 91 Md. 244, 46 A. 328; *People v. Mercantile Credit Guarantee Co.*, 166 N. Y. 416. But they did not intend that the insurance should be limited

to general insolvency and therefore specified, under fourteen numbered statements, conditions defining what should be regarded as insolvency for the purpose of the insurance. These conditions began: "INSOLVENCY DEFINED—The insolvency of a debtor for the purposes of this policy shall be deemed to have occurred when, during the term of this policy: (1) The Insured elects to and has filed with the Company for collection a claim against a debtor whose account is due and payable at the time of filing, but not over seventy (70) days past due under the original terms of sale; . . ." As we understand his adjudication, the learned judge rejected from coverage the January, February and March accounts because on January 12, 1931, when the notice was given, they were "past due" within the terms of that provision.

It will be observed that the insured has an option, by the condition quoted, to elect to declare a state of insolvency within the 70 days on the one ground specified. It is significant that there is no requirement that he must do so. If the intention had been to require a declaration of insolvency under condition 1 and to provide that, without such election he must forfeit his indemnity against loss on that part of the account, the policy should have so provided.[3] Defendant refers to the provision that

---

[3] In Hanna, Credit Insurance (1931), 79 U. of Pa. L. Rev. 521, at page 525, Mr. John Hanna quotes the conditions of insolvency from "a recently issued credit insurance policy". This form contained a condition expressly providing for the filing of claims more than 70 days past due and providing the effect of such act. At p. 525 Mr. Hanna says: "Policies vary as to provisions for collection of past-due accounts. The collection policy is in two forms, one providing for optional collection and the other for compulsory collection. The optional form permits the insured to file with the company for collection all accounts which are past due for sixty days or less and such accounts are then considered as insolvent for the purposes of the policy. Where a past-due account is not filed for collection, but the debtor becomes insolvent within the period of the policy, this account also may be filed for collection. This form of policy limits the insurer to liability for filed past-due accounts and accounts

during the term ". . . and within fifteen (15) days after acquiring knowledge of a debtor's insolvency under any of the subdivisions (2) to (14) . . . the Insured shall file Notification of Claim with the Company . . . and forthwith place the claim against such debtor with the Company for attention and collection." Assuming that to be compulsory, it has no application to the Boyt account because plaintiff's notice was given pursuant to subdivision (1) and not to subdivisions (2) to (14). The requirement of notice in subdivisions (2) to (14) and the absence of such requirement in subdivision (1) justifies the conclusion that the parties intended that action under (1) should be optional. The Notice of Insolvency which was prepared on blanks supplied by the defendant was accompanied by letter expressing the insured's opinion that Boyt would pay in full. Inter alia, plaintiff said, "Our only idea in notifying you is to enjoy such protection as your policy calls for under its terms in case conditions throughout the west [where Boyt was engaged] should become worse." The receipt of this notice was acknowledged by defendant January 14, 1931. Plaintiff's letter of January 12th was acknowledged January 22, 1931, as follows: "With reference to your letter of the 12th inst. in regard to the above account, the shipments of January, February and March are not covered under the conditions of your policy, as no act of insolvency has apparently occurred in reference to this debtor. We thank you to advise whether you have filed this account for collection with us." It does not appear that plaintiff replied. Defendant found no fault

becoming insolvent during the term of the policy. The compulsory collection policy form provides that no loss is recoverable unless the account is placed with the insurance company for collection before the account is past due a specified number of days, whether the debtor is insolvent or not. The latter form of policy protects the insured against all covered losses, no matter when occurring. . . ."

See, also, Credit Insurance, Vol 8, Federal Reserve Bulletin (June, 1922), pp. 667, 669.

with the notice. Thereafter, as has been stated, the Boyt company continued paying to the plaintiff. In dealing with this account the learned judge found that it was filed with the defendant for collection, and, in his final calculation, charged plaintiff with collection fees that would have been earned if collections had been made by it instead of by plaintiff. Neither party treated the account as filed for collection, and we note in its brief at No. 157 that defendant contends that the learned judge was in error in finding "that the Boyt claim was filed with [defendant] for collection." In filing the notice of insolvency, plaintiff did not fill in the blank form required by defendant when an account was filed for collection. We regard the evidence insufficient to support the finding that the account was filed for collection.

We have, then, a policy indemnifying up to $25,000 against loss by insolvency on the Boyt account, a notice of the debtor's insolvency with a claim against it filed January 12, 1931, a few days before the term ended; final statement of claim on January 28, 1931, filed as required by the policy; a finding by the learned judge that the debtor became insolvent during the term. The amount of the claim was within the amount insured. The record shows payments on account and a credit for goods purchased by plaintiff from Boyt. The difference, reduced as specially provided in the policy, is the amount owing by defendant on this claim.

Assignments of error numbered 3 to 21, inclusive, and 23 to 30, inclusive, are sustained; discussion of the others is unnecessary; they are dismissed.

The record is remitted with instructions to enter judgment for the plaintiff in an amount determined, consistently with this opinion, as provided by the policy, paragraph 8, sub-paragraphs (1) (2) and (3), with the deduction for co-insurance and agreed normal loss.