William Flaccus Oak Leather Corporation, Appellant, *v.* Ocean Accident and Guarantee Company, Ltd.

Submitted May 22, 1945. Before Maxey, C. J., Drew, Linn, Stern, Patterson, Stearne and Jones, JJ.

*W. W. Stoner* and *J. M. Stoner & Sons,* for appellant.

*William J. Kenney, W. Denning Stewart,* and *Stewart & Lewis,* for appellee.

Per Curiam, June 29, 1945:

The facts are stated in an opinion filed after hearing the former appeal reported in 351 Pa. 34. As the parties had agreed on the net loss as of March 30, 1931, we then assumed, in remitting the record, that they would agree on the calculation required to be made for the purpose of ascertaining the amount for which judgment should be entered. We were mistaken in that assumption, as the present appeal shows. The learned court below entered judgment in an amount which plaintiff contends is in-

sufficient, and as it does not appear how the amount was arrived at we are unable to specify at what point we differ from the court.

Both parties agree that the net covered and proved loss was on March 30, 1931, $21,123.74

| | | |
|---|---|---|
| from which the policy required a deduction of 10% representing the amount of plaintiff's co-insurance | $2,112.37 | |
| and a normal loss of | 2,870.00 | 4,982.37 |

leaving due plaintiff on March 30, 1931, $16,141.37

Subsequently, at various times, eighteen payments were made to the plaintiff by the two debtors, aggregating $11,879.23, for which plaintiff must credit the defendant. As plaintiff collected these sums from the two debtors, whose accounts were insured, the plaintiff is not chargeable with the 10% coinsurance, with respect to those payments. As a coinsurance deduction at that rate was made on the loss calculated as of March 30, 1931, the plaintiff is entitled to a credit of 10% on the items subsequently collected by it.

On the net loss of $16,141.37, due March 30, 1931, plaintiff would be entitled to have its judgment include interest at the legal rate until the date on which judgment is entered which date we shall fix as June 29, 1945, that being the date of the next session of the court. But, as eighteen payments were made on account of the indebtedness, which would otherwise have been payable by defendant, the principal on which interest to June 29, 1945, is payable is reduced by each payment for the period thereafter elapsing until the date of judgment. Each payment must also be reduced by 10% because of the credit for coinsurance theretofore allowed the defendant in the calculation at which the net loss on March 30, 1931, was obtained. Each payment should therefore

be reduced 10% before deducting it from the last principal for the purpose of obtaining the new principal on which interest is payable to June 29, 1945. The amount payable on that date will be $10,982.63. We shall file of record a statement showing the calculation, which, however, need not be printed in the State Reports.

Judgment is modified by increasing the amount to $10,982.63, for which sum judgment is now entered in favor of plaintiff.